**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNESTO ATILANO LEON, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 19-72320 Agency No. A078-028-950 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2025**
San Francisco, California

Before: NGUYEN and BRESS, Circuit Judges, and BENNETT, District Judge.***

Ernesto Atilano Leon, a native and citizen of Mexico, petitions for review of

a Board of Immigration Appeals (BIA) decision denying his untimely motion to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

reopen his removal proceedings. "We review a BIA ruling on a motion to reopen for an abuse of discretion, and will reverse the denial of a motion to reopen only if the Board acted arbitrarily, irrationally, or contrary to law." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam) (quoting *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 857 (9th Cir. 2004)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion in denying Atilano Leon's motion to reopen. The Immigration and Nationality Act allows an alien to file a single motion to reopen within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Atilano Leon concedes that his motion to reopen was not filed within that 90-day period but argues that the BIA should have equitably tolled the limitations period. However, because Atilano Leon has failed to establish his prima facie eligibility for cancellation of removal, the requested relief underlying his motion to reopen, the BIA properly denied his motion.

"The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief." *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013). An applicant's overstay of a voluntary departure period disqualifies him from seeking cancellation of removal for ten years. *See* 8 U.S.C. § 1229c(d)(1)(B). Accordingly, when an applicant is disqualified from seeking cancellation of removal based on overstaying his voluntary departure period,

the BIA may not reopen his proceedings to allow him to seek cancellation of removal. *See Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1015 (9th Cir. 2008) (per curiam).

In this case, the record supports the BIA's conclusion that Atilano Leon overstayed his voluntary departure date, rendering him ineligible for cancellation of removal. In its February 3, 2016 order, the BIA notified Atilano Leon that he had 60 days to voluntarily depart the United States. Nonetheless, Atilano Leon remained in the United States beyond that period. Accordingly, the BIA did not err in denying Atilano Leon's motion to reopen, which sought cancellation of removal relief that was unavailable to him. *See* 8 U.S.C. § 1229c(d)(1)(B); *Granados-Oseguera*, 546 F.3d at 1015.

Atilano Leon does not address this issue in his opening brief and so has forfeited it. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 n.1 (9th Cir. 2022) (issues not raised are forfeited). Regardless, the BIA did not abuse its discretion in denying the motion to reopen, for the reasons we have explained. And because Atilano Leon does not challenge the BIA's denial of sua sponte reopening, he has forfeited that issue as well. *See id.*

**PETITION DENIED.**